UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| Will Foster | : | |
| | : | |
| *Plaintiff,* | : | No. 3:19-CV-1744 (VLB) |
| | : | |
| v. | : | March 5, 2020 |
| | : | |
| United States of America, | : | |
| | : | |
| *Defendant.* | : | |

### ORDER ON MOTION TO DISMISS and MOTIONS TO AMEND

### [Dkts. 11, 21-1, 22, 23]

**I. Introduction**

On November 6, 2019, Plaintiff Will Foster ("Foster") filed his complaint *pro se*. [Dkt. 1 (Compl.)]. Defendant United States of America ("Defendant") moves to dismiss Foster's complaint on two grounds: (1) for failure to articulate a short and plain statement of the claim showing that the pleader is entitled to relief, and (2) for failure to plead an injury sufficient to demonstrate that Foster has standing. [Dkt. 11 (Mot. to Dismiss)]; [Dkt. 11-1 (Mem. Supp. Mot. to Dismiss)]. Foster has since moved to amend his Complaint, Exhibit, and Opposition to Defendants' Motion to Dismiss. [Dkts. 21 (Amended Compl.), 21-1 (Mem. re: Amending Compl.), 22 (Mot. to Amend Ex.), 22-1 (Mem. re: Exs.), 22-2 (Amended Pl. Ex. Binder), 23 (Mot. to Amend Opp.), 23-1 (Mem. re: Amending Opp.)]. The Court grants Defendant's motion to dismiss, denies Foster's motion to amend, and dismisses Foster's complaint without prejudice. Within twenty-eight days, Foster may file a renewed complaint which corrects the deficiencies in his claims identified in this Order.

1

II. **Analysis**

1. *Federal Rule of Civil Procedure Rule 8(a)*

Rule 8(a) provides that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint that fails to meet this standard may be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

Courts agree that the purpose of Rule 8:

> …is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a *responsive answer,* prepare an adequate defense and determine whether the doctrine of res judicata is applicable. Beyond this, the rule serves to sharpen the issues to be litigated and to confine discovery and the presentation of evidence at trial within reasonable bounds.

*Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano,* 75 F.R.D. 497, 498 (D.D.C.1977)). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." *Simmons v. Abruzzo*, 49 F.3d 83, 86 (2d Cir. 1995) (quoting *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988)). "Further, if the court dismisses the complaint for failure to comply with Rule 8, it should generally give the plaintiff leave to amend." *Id.*

Defendant argues that Foster's complaint does not notify Defendant of what causes of action or claims Foster seeks to raise. Specifically, Defendant argues

that nothing in the complaint explains what laws are presently being violated, how these laws have negatively affected Foster, or what relief Foster is "entitled to" should the Court rule in his favor. [Dkt. 11-1 at 4]. As the Court reads Foster's complaint, Foster complains that the Militia Act of 1903, Publ. L. No. 57-33, 32 Stat. 775 (1903), violates the Second Amendment because it "directly repealed over 35 statutes" and hundreds of regulations. [Dkt. 1 (Compl.) at 3]. However, the Court agrees that, as written, the Complaint does not put the Defendant on notice of *how* the repeal of these laws and regulations has violated Foster's rights under the Second Amendment because it does not set out the legal standard for when the Second Amendment is violated, nor does it analyze how the repeal harmed Foster according to that legal standard, nor does it explain what relief Foster is "entitled to" should the Court rule in his favor.

Therefore, the Court dismisses the Complaint without prejudice. Foster may file a renewed complaint that corrects the identified defects. The Court notes that Foster's Memorandum in Opposition to the Motion to Dismiss is much closer to what the complaint should be: the Memorandum Opposition gives the exact language of a statute that was repealed and gives some analysis of how the repeal violates Foster's rights under the Second Amendment. *See* [Dkt. 20 at 2-3, 12-15].

2. *Standing*

"Federal courts are courts of limited jurisdiction." *Gunn v. Minton*, 568 U.S. 251, 256 (2013). "If the court determines that… it lacks subject matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see* Fed. R. Civ. P. 12(b)(6).

3

Under Article III of the Constitution, federal courts only have "judicial power" over "cases" and "controversies." U.S. Const., Art. III, § 2; *Valley Forge Christian Coll. v. Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). One element of this jurisdictional inquiry is standing, which "focuses on whether the plaintiff is the proper party to bring this suit." *See Raines v. Byrd*, 521 U.S. 811, 818 (1997) (citation omitted). To establish standing,

> a plaintiff must show (1) it has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision.

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs.*, 528 U.S. 167, 180-81 (2000). "A dismissal for lack of standing must be without prejudice." *Montgomery v. Cuomo*, 291 F. Supp. 3d 303, 343 (W.D.N.Y. 2018) (citing *Katz v. Donna Karan Co., L.L.C.,* 872 F.3d 114, 121, (2d Cir. 2017).

Nothing in the Complaint explains how Foster *in particular* is harmed by the challenged law. He recites that the law "confutes justice, endangers domestic tranquility, diminishes the common defense, undermines the general welfare, and threatens the blessings of liberty to ourselves and if not justified, our posterity." [Dkt. 1 at 2]. But nothing in this list is a concrete harm or is particularized to Foster himself. Without such an injury, there is not a case or controversy before the Court, and the Court lacks jurisdiction.

Therefore, the Court dismisses the Complaint without prejudice. Foster may file a renewed complaint that corrects the identified defect.

*3. Motion to Amend*

Under Rule 15(a), "[t]he court should freely give leave [to amend pleadings] when justice so requires." Fed. R. Civ. P. 15(a). "Leave to amend, though liberally granted, may properly be denied for: undue delay, bad faith or dilatory motive on the part of the movant,… undue prejudice to the opposing party…, futility of the amendment, etc." *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (citing *Forman v. Davity*, 371 U.S. 178, 182 (1962)) (internal quotation marks omitted). "The standard for denying leave to amend based on futility is the same as the standard for granting a motion to dismiss." *IBEW Local Union No. 58 Pension Tr. Fund & Annuity Fund v. Royal Bank of Scot. Grp., PLC*, 783 F.3d 383, 389 (2d Cir. 2015).

After reviewing Foster's proposed amendments, [Dkts. 21 (Amended Compl.) and 22-2 (Amended Ex. Binder)], the Court finds that they do not correct the defects identified in the previous sections, and so Foster's proposed amended complaint would be dismissed without prejudice for the same reasons as his current complaint. Therefore, on the grounds of futility, the Court DENIES without prejudice Foster's motion to amend.

### III. Conclusion

The Court grants Defendant's motion to dismiss, denies Foster's motion to amend, and dismisses Foster's complaint without prejudice. Within twenty-eight days, Foster may move to reopen the case. To reopen the case, Foster must file a motion to reopen accompanied by an amended complaint that properly


establishes standing and complies with Federal Rule of Civil Procedure 8. The date set forth in this order may be extended for good cause in accordance with Local Rule 7(b).

IT IS SO ORDERED.

_____/s/_____
Hon. Vanessa L. Bryant
United States District Judge

Dated at Hartford, Connecticut: March 5, 2020